IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SUN-TIMES MEDIA GROUP, INC., *et al.*,[1] | ) Case No. 09-11092 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) <u>Hearing Date</u>: April 28, 2009 at 1:00 p.m. ET |
| | ) <u>Objection Deadline</u>: April 21, 2009 at 4:00 p.m. ET |

## DEBTORS' APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS

The above-captioned debtors in possession (collectively, the "Debtors") file this application (the "Application") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the employment and retention of Rothschild Inc. ("Rothschild") as the Debtors' financial advisor and investment banker *nunc pro tunc* to the Petition Date (as defined herein), and (b) waiving certain informational requirements pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Debtors submit the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sun-Times Media Group, Inc. (8892); American Publishing (1991) LLC (9303); American Publishing Company LLC (5797); American Publishing Management Services, Inc. (7433); APAC-95 Oklahoma Holdings, Inc. (1123); Centerstage Media, LLC (1160); Chicago Group Acquisition LLC (4250); Chicago Sun-Times Features, Inc. (9928); Chicago Sun-Times LLC (7749); Digital Chicago Inc. (0626); Fox Valley Publications LLC (2434); HGP, Partnership (4292); HIPI (2002) Inc. (3946); Hollinger Australian Holdings Limited (3321); Hollinger International Publishing Inc. (0603); HTH Benholdco LLC (8274); HTH Holdings Inc. (8275); HTNM LLC (0714); HTPC Corporation (9332); LHAT Corporation (8117); Meridian Star, Inc. (3390); Midwest Suburban Publishing, Inc. (1455); Northern Miner U.S.A., Inc. (5174); Oklahoma Airplane LLC (1123); Pioneer Newspapers Inc. (0502); Reach Chicago LLC (4252); Sun Telemarketing LLC (8780); Sun-Times Distribution Systems, Inc. (9838); Sun-Times PRD Inc. (8118); TAHL (2002) Inc. (3945); The Johnstown Tribune Publishing Company (7927); The Post-Tribune Company LLC (7370); The Red Streak Holdings Company (9358); The Sun-Times Company (7751); XSTMHoldings LLC (9284). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 350 N. Orleans St., Floor 10-S, Chicago, IL 60654.

Declaration of Bernard Douton, a Managing Director of Rothschild (the "Douton Declaration"), attached hereto as <u>Exhibit B</u> and incorporated by reference herein. In further support of this Application, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are §§ 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 and 2016-2 of the Local Rules.

## Background

4. On March 31, 2009 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. No committees have been appointed or designated. On April 1, 2009, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 26].

5. A description of the Debtors' business and the reasons for filing these chapter 11 cases are set forth in the Declaration of James D. McDonough, Senior Vice President, Chief Administrative Officer, General Counsel and Secretary of Sun-Times Media Group, Inc. in Support of First Day Pleadings [Docket No. 4], which was filed on the Petition Date and is incorporated herein by reference. A description of the facts in support of this Application is set

2

forth in the Supplemental Declaration of James D. McDonough in Support of Second Day Motions (the "Supplemental McDonough Declaration"), that will be filed subsequently to this Application and is incorporated herein by reference.

### Relief Requested

6. By this Application, the Debtors seek entry of an order authorizing the employment and retention of Rothschild as their financial advisor and investment banker *nunc pro tunc* to the Petition Date. The Debtors seek to engage Rothschild to provide financial advisory and investment banking services during these chapter 11 cases, in accordance with the terms and conditions set forth in that certain engagement letter dated as of March 11, 2009 (the "Engagement Letter"), by and between Rothschild and the Debtors, a copy of which is attached hereto as <u>Exhibit 1</u> to <u>Exhibit A</u> and incorporated by reference herein. Rothschild also seeks an order waiving the informational requirements of Local Rule 2016-2(d) pursuant to Local Rule 2016-2(g).

### Rothschild's Qualifications

7. Rothschild is one of the world's leading independent investment banking groups, with expertise in domestic and cross border mergers and acquisitions, restructurings, privatization advice, and other financial advisory services. A private firm with approximately 220 employees in the United States and offices in New York and Washington, D.C., Rothschild is experienced in providing high quality investment banking and financial advisory services to financially troubled companies. Rothschild is highly qualified to advise on strategic alternatives and its professionals have extensive experience in deals involving complex financial and operational restructurings. Rothschild is a member of the National Association of Securities Dealers and the Securities Investor Protection Corporation.

K&E 14409472.

8. Rothschild and its professionals also have extensive experience working with financially troubled companies from a variety of industries in complex financial restructurings, both out-of-court and in chapter 11 cases. Rothschild's business reorganization professionals have extensive experience in advising debtors, creditors, and other constituents in chapter 11 cases and have served as financial advisors and investment bankers in numerous cases. Some of these cases include, among others, Atlantic Express Transportation Group, Barney's, Inc., Bedford Fair Industries, BHM Technologies Holdings, Inc., Bradlees', Inc., Cadence Innovation LLC, Circuit City Stores, Inc., Comdisco, Inc., Crown Vantage, Inc., Delphi Corporation, Edison Brothers Stores, Inc., Federal Mogul Corp., Friedman's, Inc., Geneva Steel Company, Globe Manufacturing, Guilford Mills, Inc., Heartland Steel, HomePlace, Inc., Hilex Poly Co. LLC, International Wire Group, James River Coal Company, Key Plastics LLC, La Roche Industries, Inc., Leiner Health Products, Inc., Motor Coach Industries, Inc., Mpower Holdings Corp., New World Pasta Company, Northwest Airlines, Inc., Oxford Automotive, Inc., Pacific Gas & Electric Company, PPI Holdings, Inc., Recycled Paper Greetings, Inc., Remy Worldwide Holdings, Inc., Service Merchandise Corp., Special Metals Corporation, Solutia, Inc., Superior Telecom Inc., The FINOVA Group Inc., Thermadyne Holdings Corp., Thorn Apple Valley, Inc., Tower Automotive, Trans World Airlines, Today's Man, Inc., UAL Corporation, Viasystems Group, Inc., WestPoint Stevens, Inc., Werner Holding Company, VeraSun Energy Corporation, Wilcox & Gibbs, Inc. and Zenith Electronics, Inc.

9. The resources, capabilities, and experience of Rothschild in advising the Debtors are crucial to the success of these chapter 11 cases. An experienced financial advisor and investment banker, such as Rothschild, fulfills a critical service that complements the services provided by the Debtors' other professionals. As discussed in more detail below, Rothschild will

concentrate its efforts on serving as the Debtors' financial advisor and investment banker in these chapter 11 cases and, more specifically, in formulating strategic alternatives with regard to a sale of the Debtors' business operations. For the aforementioned reasons, the Debtors require the services of a capable and experienced financial advisor and investment banker such as Rothschild.

10. The Debtors have selected Rothschild as their financial advisor and investment banker because of the firm's extensive financial advisory and investment banking experience and knowledge of the Debtors' business operations. Further, Rothschild's professionals have worked closely with the Debtors' management and their other advisors while providing prepetition services to the Debtors. Accordingly, given Rothschild's background, expertise and familiarity with the Debtors' business operations, the Debtors believe that Rothschild is both well-qualified and uniquely able to provide financial advisory and investment banking services to the Debtors in these chapter 11 cases in an efficient and timely manner.

## Terms of the Engagement

### I. Services to Be Provided

11. Subject to further order of the Court and consistent with the Engagement Letter, it is proposed that Rothschild will render the following financial advisory and investment banking services to the Debtors during these chapter 11 cases, as necessary and requested by the Debtors:

(a) Advise the Debtors with respect to the potential sale, merger, or other business/strategic combination involving the Debtors;

(b) Assist the Debtors in structuring a Transaction;[2]

---

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Engagement Letter. To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

5

(c) Participate on behalf of the Debtors in any negotiations concerning a Transaction;

(d) Participate in hearings during these chapter 11 cases to the extent Rothschild's testimony or assistance is deemed necessary by the Debtors with respect to these chapter 11 cases and provide relevant testimony with respect to matters described herein and issues arising in connection with any proposed Plan or Transaction; and

(e) Provide such other financial advisory and investment banking services as the Debtors and Rothschild may from time to time agree upon.

## II. Professional Compensation

12. Rothschild intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee for District of Delaware (the "U.S. Trustee") and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Letter. Pursuant to the Engagement Letter, the Debtors have agreed to pay Rothschild under the following fee structure (the "Fee Structure") in consideration for the financial advisory and investment banking services to be provided by Rothschild during these chapter 11 cases:

(a) *Upfront Fee* – An upfront retainer fee in an amount equal to $300,000.

(b) *Monthly Fee* – A monthly advisory fee of $150,000, payable upon the execution of the Engagement Letter and on the anniversary date of every month thereafter; provided that the monthly advisory fee shall be paid for a minimum of three months, regardless of whether the Engagement Letter is terminated prior to the end of such three month period;

(c) *Transaction Fee* – A transaction fee of $2,500,000, payable immediately upon the consummation of a Transaction; and

(d) An additional fee in an amount as determined by the Debtors.

13. In addition to the fees described above, the Debtors agree to reimburse Rothschild for all of Rothschild's reasonable expenses incurred in connection with the performance of its

6

engagement under the Engagement Letter, including, without limitation, reasonable fees, disbursements and other charges by Rothschild's legal counsel or any other advisor retained by Rothschild (it being understood that the retention of any such advisor, other than legal counsel, will be made with the Debtors' consent, which shall not be unreasonably withheld). Reasonable expenses shall also include, but not be limited to, expenses incurred in connection with travel and lodging, data processing and communication charges, research, and courier services.

14. The hours worked, the results achieved and the ultimate benefit to the Debtors for the work performed by Rothschild in connection with its engagement may vary and the Debtors and Rothschild have taken this into account in setting the above fees. The Fee Structure described above was established to reflect the difficulty of the extensive assignments Rothschild expects to undertake and the challenging nature of this engagement. Further, the Fee Structure is consistent with Rothschild's normal and customary billing practices for cases of this size and complexity which require the level of services to be provided. Accordingly, Rothschild and the Debtors believe the Fee Structure is both reasonable and market-based.

15. Rothschild will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines established by the U.S. Trustee and any applicable orders of this Court.

16. It is not the general practice of investment banking firms, including Rothschild, to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-2(d). Because Rothschild does not ordinarily maintain contemporaneous time records in one-tenth hour (.10) increments or provide or conform to a schedule of hourly rates for its professionals, pursuant to Local Rule 2016-2(g), Rothschild should be excused from compliance

K&E 14409472.

with such requirements and should only be required to maintain time records in half-hour (0.50) increments setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors.

17. Rothschild will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Rothschild's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter, in accordance with the procedures established by the Court.

18. According to Rothschild's books and records, during the 90-day period prior to Petition Date, the Debtors paid Rothschild (a) fees in the amount of $450,000 for professional services performed and expenses incurred and (b) $35,000 for estimated fees and expenses.

## III. Indemnification Agreement

19. As part of Rothschild's proposed engagement, the Debtors have agreed to certain indemnification and contribution obligations as more fully described in that certain indemnification agreement (the "Indemnification Agreement") dated as of March 11, 2009, incorporated by reference into the Engagement Letter as Exhibit A thereto and incorporated by reference herein. The Indemnification Agreement, as modified by the proposed order attached hereto as <u>Exhibit A</u>, provides that the Debtors will indemnify and hold Rothschild and any of its affiliates and each of their respective officers, directors, employees, and agents harmless against liabilities arising out of, based on, related to, or in connection with its retention by the Debtors, except for any liability for losses, claims, damages or liabilities incurred by the Debtors that are finally judicially determined by a court of competent jurisdiction arising because of the gross negligence, willful or intentional misconduct or fraud of Rothschild.

K&E 14409472.

20. The Debtors and Rothschild believe the Indemnification Agreement contains indemnification obligations that are customary and reasonable for comparable financial advisory and investment banking engagements of firms of similar stature to Rothschild, both out-of-court and in chapter 11 cases. *See, e.g., In re United Artists Theatre Co.*, Case No. 00-3514 (SLR) (Bankr. D. Del. Dec. 1, 2000) (order authorizing indemnification of Houlihan, Lokey, Howard & Zurkin Capital by debtors); *In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000), *aff'd*, 2000 WL 1800690 (S.D.N.Y. Dec. 6, 2000); *In re Comdisco, Inc.*, Case No 02-C-1174 (N.D. Ill. Sept. 23, 2002) (affirming order authorizing indemnification of Lazard Frères & Co. LLC and Rothschild, Inc. by debtors and creditors' committee).

21. The terms of the indemnification are similar to terms that have been approved by bankruptcy courts in this District and elsewhere. *See, e g., In re Burlington Indus., Inc.*, Case No. 01-11282 (RJN) (Bankr. D. Del. May 21, 2003) (order authorizing retention of Miller Buckfire Lewis & Co., LLC on similar terms); *In re Oakwood Homes Corp.*, Case No. 02-13396 (PJW) (Bankr. D. Del. July 21, 2003) (same); *In re PC Landing Corp.*, Case No. 02-12086 (PJW) (Bankr. D. Del. Oct. 10, 2002) (same); *In re Worldcom, Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Jan. 14, 2003) (order authorizing retention of Lazard Frères & Co. LLC under similar terms); *In re Metrocall, Inc.*, Case No. 02-11579 (RB) (Bankr. D. Del. July 8, 2002) (same); *In re Kaiser Aluminum Corp.*, Case No. 02-10429 (JKF) (Bankr. Del. Mar. 19, 2002) (same); *In re Adelphia Communications Corp.*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. Sept. 27, 2002) (same).

22. The terms and conditions of the Indemnification Agreement were negotiated by the Debtors and Rothschild at arm's length and in good faith. The Indemnification Agreement, viewed in conjunction with the terms of Engagement Letter are reasonable and in the best

interests of the Debtors, their estates, and all parties in interest. Accordingly, as part of this Application, the Debtors request that the Court approve the Indemnification Agreement.

## No Duplication of Services

23. The Debtors intend and believe that the services of Rothschild will complement, and not duplicate the services rendered by any other professional retained in these chapter 11 cases. Rothschild understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors and to avoid the unnecessary duplication of services.

## Rothschild's Disinterestedness

24. To the best of the Debtors' knowledge and except to the extent disclosed herein and in the Douton Declaration: (a) Rothschild is a "disinterested person" within the meaning of Bankruptcy Code § 101(14), as required by Bankruptcy Code § 327(a) and does not hold or represent an interest adverse to the Debtors' estates; and (b) Rothschild has no connection to the Debtors, their creditors, or related parties except as may be disclosed in the Douton Declaration.

25. Rothschild will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. To the extent Rothschild discovers any new relevant facts or relationships bearing on the matters described herein during the period of Rothschild's retention, Rothschild will use reasonable efforts to promptly file a supplemental declaration as required by Bankruptcy Rule 2014.

## Basis for Relief

26. Bankruptcy Code § 327(a) provides that a debtor, subject to court approval:

> May employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

10

persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a). As set forth in the Douton Declaration, Rothschild does not represent or hold any interest adverse to the Debtors, therefore, Rothschild satisfies the disinterestedness requirement imposed by Bankruptcy Code § 327(a).

27. In addition, the Debtors seek approval of the Engagement Letter pursuant to Bankruptcy Code § 328(a), which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . ." 11 U.S.C. § 328(a). Notably, § 328 allows the Debtors to retain Rothschild on a fixed or contingent fee basis. The Fee Structure contains components that are fixed and contingent, therefore, the Debtors believe that the Fee Structure is reasonable and consistent with the requirements of Bankruptcy Code § 328(a).

28. Accordingly, section 328(a) of the Bankruptcy Code permits the compensation of professionals, including investment bankers, on more flexible terms that reflect the nature of the services and market conditions, which is a significant departure from prior bankruptcy practice relating to the compensation of professionals. Indeed, as the United States Court of Appeals for the Fifth Circuit recognized in *Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861 (5th Cir. 1997) (citations omitted):

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. The uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants reasonable compensation based on relevant factors of time and comparable costs, etc. Under present § 328 the professionals may avoid that uncertainty by

K&E 14409472.

>obtaining court approval of compensation agreed to with the
>trustee (or debtor or committee).

123 F.3d at 862.

29. In light of this inherent flexibility, courts have approved similar arrangements that contain reasonable terms and conditions under section 328 of the Bankruptcy Code. Furthermore, under the recently enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the following amendment was made to section 328(a) of the Bankruptcy Code:

>The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, *on a fixed percentage fee basis, or on a contingent fee basis.*

11 U.S.C. § 328(a) (emphasis added). This amendment makes clear the ability of the Debtors to retain, with court approval, a professional on a fixed percentage fee basis such as the Fee Structure set forth in the Engagement Letter.

30. Similar fixed and contingency fee arrangements have been approved and implemented by courts in this District in other large chapter 11 cases. *See, e.g.*, *In re VeraSun Energy Corporation*, Case No. 08-12606 (BLS)(Bankr. D. Del. Oct. 31, 2008); *In re Tropicana Entm't, LCC.*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 30, 2008); *In re Pierre Foods, Inc.*, Case No. 08-11480 (KG) (Bankr. D. Del. Aug. 14, 2008); *In re Motor Coach Industries International, Inc.*, Case No. 08-12136 (Bankr. D. Del. Sept. 15, 2008); *In re Dura Auto. Sys., Inc.*, No. 06-11202 (KJC) (Bankr. D. Del. Dec. 7, 2006); *In re J.L. French Auto. Castings, Inc.*, Case No. 06-10119 (MFW) (Bankr. D. Del. Mar. 24, 2006); *In re FLYi, Inc.*, No. 05-20011 (MFW) (Bankr. D. Del. Jan. 17, 2006); *In re Foamex Int'l, Inc.*, No. 05-12685 (PJW) (Bankr. D. Del. Oct. 17, 2005).

K&E 14409472.

31. The Debtors believe the Engagement Letter and the Indemnification Agreement contain reasonable terms and conditions of employment and should be approved under Bankruptcy Code § 328(a) and not subject to the standard of review set forth in Bankruptcy Code § 330. The Engagement Letter and the Indemnification Agreement adequately reflect: (a) the nature of the services to be provided by Rothschild and (b) fee structures and indemnification provisions typically utilized by Rothschild and other leading investment banking firms, which do not bill their time on an hourly basis and generally are compensated on a transactional basis. In particular, the Debtors believe the proposed Fee Structure creates a proper balance between fixed, monthly, and contingency fees based on the successful consummation of certain sales of the Debtors' assets and the overall success of these chapter 11 cases. Moreover, Rothschild's substantial experience with respect to financial advisory and investment banking services, coupled with the nature and scope of work already performed by Rothschild before the Petition Date, further suggest the reasonableness of the Engagement Letter and the Indemnification Agreement.

32. Moreover, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

33. The Debtors have selected Rothschild as financial advisor and investment banker to provide services that are vital to the success of these chapter 11 cases. The Debtors believe

13

that Rothschild is well-qualified to perform the scope of financial advisory and investment banking services described herein, given their knowledge of the Debtors' business operations and their expertise in providing financial advisory and investment banking services to distressed companies and debtors in large and complex chapter 11 cases. Further, the Debtors believe that both the interruption and duplicative cost involved in obtaining a substitute financial advisor and investment banker at this juncture would be extremely harmful to the Debtors and their estate. Accordingly, the Debtors submit that they have satisfied the statutory requirements of Bankruptcy Code § 327(a) and Bankruptcy Rule 2014(a), and that the retention of Rothschild is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

### Notice

34. The Debtors have provided notice of this Motion by overnight mail and, when possible, electronic mail or facsimile to: (a) the U.S. Trustee; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; and (e) any persons who have filed a request for notice in the above-captioned cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

35. No prior motion for the relief requested herein has been made to this or any other court.

K&E 14409472.

WHEREFORE, for the reasons set forth herein, the Supplemental McDonough Declaration and in the Douton Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to employ and retain Rothschild as their financial advisor and investment banker *nunc pro tunc* to the Petition Date, (b) waiving certain informational requirements pursuant to Local Rule 2016-2(g), and (c) granting such other and further relief as is just and proper.

Dated: April 10, 2009
Chicago, Illinois

Sun-Times Media Group, Inc., and certain of its subsidiaries and affiliates, as debtors in possession

/s/ *[signature]*
James D. McDonough,
Senior Vice President, Chief Administrative Officer, General Counsel and Secretary of Sun-Times Media Group, Inc.