# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SUN-TIMES MEDIA GROUP, INC., *et al.*,[1] | ) Case No. 09-11092 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Ref. Docket No. 64** |

## ORDER GRANTING APPLICATION OF THE DEBTORS TO EMPLOY AND RETAIN ROTHSCHILD INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the Debtors for the entry of an order (this "Order") authorizing the employment and retention of Rothschild Inc. as financial advisor and investment banker to the Debtors *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and the Court having found the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the Court having found that venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sun-Times Media Group, Inc. (8892); American Publishing (1991) LLC (9303); American Publishing Company LLC (5797); American Publishing Management Services, Inc. (7433); APAC-95 Oklahoma Holdings, Inc. (1123); Centerstage Media, LLC (1160); Chicago Group Acquisition LLC (4250); Chicago Sun-Times Features, Inc. (9928); Chicago Sun-Times LLC (7749); Digital Chicago Inc. (0626); Fox Valley Publications LLC (2434); HGP, Partnership (4292); HIPI (2002) Inc. (3946); Hollinger Australian Holdings Limited (3321); Hollinger International Publishing Inc. (0603); HTH Benholdco LLC (8274); HTH Holdings Inc. (8275); HTNM LLC (0714); HTPC Corporation (9332); LHAT Corporation (8117); Meridian Star, Inc. (3390); Midwest Suburban Publishing, Inc. (1455); Northern Miner U.S.A., Inc. (5174); Oklahoma Airplane LLC (1123); Pioneer Newspapers Inc. (0502); Reach Chicago LLC (4252); Sun Telemarketing LLC (8780); Sun-Times Distribution Systems, Inc. (9838); Sun-Times PRD Inc. (8118); TAHL (2002) Inc. (3945); The Johnstown Tribune Publishing Company (7927); The Post-Tribune Company LLC (7370); The Red Streak Holdings Company (9358); The Sun-Times Company (7751); XSTMHoldings LLC (9284). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 350 N. Orleans St., Floor 10-S, Chicago, IL 60654.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

1

22956828v7

having reviewed the Application and the Douton Declaration; and the Court having found that the Application and the Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and the Court being satisfied based on the representations made in the Application and the Douton Declaration that (a) Rothschild does not hold or represent an interest adverse to the Debtors' estates and (b) Rothschild is a "disinterested person" as defined in Bankruptcy Code § 101(14) and as required by Bankruptcy Code § 327(a); and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the terms and conditions of Rothschild's employment, including the compensation structure set forth in the Engagement Letter (as defined herein), are reasonable as required by Bankruptcy Code § 328(a); and the Debtors having provided appropriate notice of the Application and the opportunity for a hearing on this Application under the circumstances and no other or further notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Except as specifically modified hereby, the Application is granted *nunc pro tunc* to the Petition Date.

2. The Debtors are authorized to employ and retain Rothschild as their financial advisor and investment banker in accordance with the terms and conditions set forth in that certain engagement letter (the "Engagement Letter") dated as of March 11, 2009, by and between

the Debtors and Rothschild, a copy of which is attached hereto as Exhibit 1 and incorporated by reference herein; provided that in the event that any provision in the Engagement Letter and this Order are contradictory, this Order shall govern.

3. Section 2(c) of the Engagement Letter is hereby modified by deleting "$2,500,000 in cash; and" and inserting "(i) $1,250,000 plus (ii) 4% of the Aggregate Consideration in excess of $25,000,000." in lieu thereof.

4. Section 2 of the Engagement Letter is hereby further modified by deleting subsection 2(d) thereof.

5. Section 2 of the Engagement Letter is hereby further modified by deleting the second and third sentences of the second paragraph and inserting the following in lieu thereof:

> Rothschild shall credit against the Transaction Fee 100% of the monthly fees actually paid to Rothschild pursuant to Section 2(b) hereof in excess of $600,000. For purposes hereof, the term "Aggregate Consideration" means the total amount of all cash plus the total value (as determined pursuant hereto) of all securities, contractual arrangements (including, without limitation, any lease arrangements or put or call agreements) and other consideration, including, without limitation, any contingent or earned consideration, paid or payable, directly or indirectly, in connection with an Transaction (including, without limitation, amounts paid (i) pursuant to covenants not to compete, employment contracts, employee benefit plans, management fees or other similar arrangements, and (ii) to holders of any warrants, stock purchase rights or convertible securities of the Company and to holders of any options or stock appreciation rights issued by the Company, whether or not vested). Aggregate Consideration shall also include the amount of any short-term liabilities (including, without limitation, any trade or ordinary course liabilities) and any long-term liabilities of the Company (including, without limitation, the principal amount of any indebtedness for borrowed money and capitalized leases and the full amount of any off-balance sheet financings *but excluding any obligations payable to the Internal Revenue Service*) (x) repaid, defeased or retired, directly or indirectly, in connection with or in anticipation of a Transaction or (y) existing on the Company's balance sheet at the time of an Transaction (if such Transaction takes the form of a merger, consolidation or a sale of stock or partnership interests) or assumed in connection with an Transaction (if such

Transaction takes the form of a sale of assets). If such Transaction takes the form of a recapitalization, restructuring, spin-off, split-off or similar transaction, Aggregate Consideration shall include the fair market value of (i) the equity securities of the Company retained by the Company's equity security holders following such Transaction and (ii) any securities received by the Company's security holders in exchange for or in respect of securities of the Company following such Transaction (all securities received by such security holders being deemed to have been paid to such security holders in such Transaction). The value of securities that are freely tradable in an established public market will be determined on the basis of the last market closing price prior to the consummation of an Transaction. The value of securities that are not freely tradable or have no established public market, or if the consideration consists of property other than securities, the value of such property shall be the fair market value thereof as determined in good faith by the Company and Rothschild, *provided*, that all debt securities shall be valued at their stated principal amount without applying a discount thereto. If the consideration to be paid is computed in any foreign currency, the value of such foreign currency shall, for purposes hereof, be converted into U.S. dollars at the prevailing exchange rate on the date or dates on which such consideration is payable. Aggregate Consideration shall also include the face amount of any liabilities tendered as purchase price in connection with any credit bid.

6. Exhibit A to the Engagement Letter is hereby modified by deleting "provided, that, in no event will the aggregate contribution of all such Indemnified Parties exceed the amount of fees received by Rothschild under the Letter Agreement" from the second paragraph thereof.

7. Rothschild is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the fees, disbursements and other charges by Rothschild's legal counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise) provided that the fees and disbursements of Rothschild's counsel for services rendered in connection with preparation of the Application and responses thereto from the Petition Date through April 28, 2009 for which Rothschild may be reimbursed shall not

4

exceed $25,000; provided further, that all such requests for payment of the fees and disbursements of Rothschild's counsel shall be subject to review in accordance with the provisions of this Order.

8. The indemnification provisions included in the Engagement Letter and in that certain indemnification letter (the "Indemnification Agreement") dated as of March 11, 2009, by and between the Debtors and Rothschild, a copy of which attached hereto as Exhibit A to <u>Exhibit 1</u> hereto and incorporated by reference herein are approved, subject to the following:

(a) Rothschild shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Rothschild, or provide contribution or reimbursement to Rothschild, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Rothschild's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Rothschild's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Rothschild's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Rothschild should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Rothschild believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Rothschild must file an application therefore in this Court, and the Debtors may not pay any such amounts to Rothschild before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by

5

Rothschild for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Rothschild. All parties in interest shall retain the right to object to any demand by Rothschild for indemnification, contribution or reimbursement; and it is further

9. Rothschild will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code §§ 330 and 331; *provided, however,* the fee applications filed by Rothschild shall be subject to review only pursuant to the standard of review set forth in Bankruptcy Code § 328(a) and not subject to the standard of review set forth in Bankruptcy Code § 330.

10. Notwithstanding the preceding paragraph of this Order and any provision to the contrary in the Application or the Engagement Letter, (i) the United States Trustee shall have the right to object to Rothschild's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in Bankruptcy Code § 330, not Bankruptcy Code § 328(a) and (ii) in connection with a request by Rothschild for interim or final approval of a Transaction Fee calculated based on the inclusion of any non-freely tradable securities in Aggregate Consideration, the Official Committee of Unsecured Creditors shall have the right to challenge the valuation of any non-freely tradable securities notwithstanding the standard of review set forth in Bankruptcy Code section 328(a). Rothschild further agrees that the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the United States Trustee to challenge the reasonableness of Rothschild's compensation under Sections 330 and 331 of the Bankruptcy Code. Accordingly, this Order shall not constitute a finding of fact or conclusion of law binding the United States Trustee with respect to the reasonableness of Rothschild's compensation.

11. Rothschild shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy

6

Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, and the Debtors are authorized to pay such compensation consistent with (and subject to the limitations of) the aforementioned authority; provided however, that Rothschild shall be compensated and reimbursed in accordance with the two prior paragraphs of this Order.

12. Rothschild is granted a limited waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to keep time records in ½ - hour increments.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

15. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7; provided, however, that the foregoing shall not obligate any chapter 7 trustee to employ Rothschild.

16. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, including paragraph 11 of the Engagement Letter, Rothschild's allowed compensation and reimbursement requests shall have priority under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code.

17. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order shall govern.

18. Notwithstanding any provision in the Engagement Letter to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 11, 2009
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge