IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICAGO NEWSPAPER<br>LIQUIDATION CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11092 (CSS)<br><br>Jointly Administered<br>Hearing Date: January 19, 2010 at 10:30 a.m. ET<br>Objection Deadline: January 12, 2010 at 4:00 p.m. ET |

### DEBTORS' THIRD OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO § 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this omnibus objection (the "Objection") to certain claims (the "Disputed Claims") filed against the Debtors that are listed on Exhibits A through D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, and respectfully request entry of an order in substantially the same form as the Proposed Order filed concurrently herewith. The Disputed Claims set forth on the attached exhibits consist of claims that (i) are duplicates, (ii) are satisfied, (iii) are modified, based on the Debtors' books and records and (iv) are reclassified. In support of this Objection, the Debtors rely on the *Declaration of Gayla Dodson in Support of the Debtors' Third Omnibus (Non-Substantive) Objection to Claims Pursuant to § 502(b) of the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Chicago Newspaper Liquidation Corp. f/k/a Sun-Times Media Group, Inc. (8892); American Publishing (1991) LLC (9303); American Publishing Company LLC (5797); American Publishing Management Services, Inc. (7433); APAC-95 Oklahoma Holdings, Inc. (1123); CNLC-CSM, LLC f/k/a Centerstage Media, LLC (1160); Chicago Group Acquisition LLC (4250); CNLC-Features, Inc. f/k/a Chicago Sun-Times Features, Inc. (9928); CNLC-CST LLC f/k/a Chicago Sun-Times LLC (7749); CNLC-Digital, Inc. f/k/a Digital Chicago Inc. (0626); CNLC-Fox Valley LLC f/k/a Fox Valley Publications LLC (2434); HGP, Partnership (4292); HIPI (2002) Inc. (3946); Hollinger Australian Holdings Limited (3321); Hollinger International Publishing Inc. (0603); HTH Benholdco LLC (8274); HTH Holdings Inc. (8275); HTNM LLC (0714); HTPC Corporation (9332); LHAT Corporation (8117); Meridian Star, Inc. (3390); CNLC-Midwest, Inc. f/k/a Midwest Suburban Publishing, Inc (1455); Northern Miner U.S.A., Inc. (5174); Oklahoma Airplane LLC (1123); CNLC-Pioneer, Inc. f/k/a Pioneer Newspapers Inc. (0502); CNLC-Reach LLC f/k/a Reach Chicago LLC (4252); Sun Telemarketing LLC (8780); CNLC-Distribution Systems, Inc. f/k/a Sun-Times Distribution Systems, Inc. (9838); CNLC-PRD, Inc. f/k/a Sun-Times PRD Inc. (8118); TAHL (2002) Inc. (3945); The Johnstown Tribune Publishing Company (7927); CNLC-PT LLC f/k/a The Post-Tribune Company LLC (7370); The Red Streak Holdings Company (9358); CNLC-STC, Inc. f/k/a The Sun-Times Company (7751); XSTMHoldings LLC (9284). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 350 N. Orleans St., Floor 10-S, Chicago, IL 60654.

*Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1*, attached hereto as Exhibit I. In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are § 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

3. On March 31, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. On April 1, 2009, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [D.I. 37]. On April 15, 2009, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to § 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. A description of the Debtors' business and the reasons for filing these chapter 11 cases are set forth in the Declaration of James D. McDonough, Senior Vice President, Chief Administrative Officer, General Counsel and Secretary of Sun-Times Media Group, Inc. in Support of First Day Pleadings [D.I. 4], which was filed on the Petition Date, and the Second Supplemental Declaration of James D. McDonough [D.I. 286], which was filed on June 16, 2009, both of which are incorporated herein by reference.

## BAR DATES AND PROOFS OF CLAIM

5. On April 1, 2009, this Court entered an order appointing Kurtzman Carson Consultants LLC ("KCC") as noticing and balloting agent in these chapter 11 cases [D.I. 27]. KCC is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by KCC, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6. On July 15, 2009, this Court entered an order (the "Bar Date Order") establishing September 30, 2009 at 4:00 p.m. (ET) (the "General Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to § 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims"), and approving the form and manner of notice of the Bar Date [D.I. 350]. Pursuant to the Bar Date Order, governmental entities are required to file proofs of claim on or before October 7, 2009.

7. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to all parties entitled to notice under Local Rule 2002, all known creditors and all known holders of the Debtors' equity securities as reflected in the Debtors' books and records, as well United States state escheat or unclaimed property offices. In addition, notice of the Bar Dates was published in the national edition of The Wall Street Journal and the Chicago Sun-Times on August 7, 2009. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [D.I. 381, 382, 426, 427, 476, and 562].

8. To date, in excess of 1,800 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

A. **Duplicate and Amended Claims**

9. The Disputed Claims included on <u>Exhibit A</u> are those claims that have been amended and superseded or duplicated by subsequently-filed proofs of claim identified under the column titled "Remaining Claim Number" on <u>Exhibit A</u> to the Proposed Order (the "**Duplicate and Amended Claims**"). The Duplicate and Amended Claims, thus, no longer represent valid claims against the Debtors' estates. Failure to disallow the Duplicate and Amended Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in this case.

10. Therefore, the Debtors object to the allowance of each of the Duplicate and Amended Claims included on <u>Exhibit A</u> and request that such Duplicate and Amended Claims under the column heading "Duplicate or Amended Claim to be Expunged" be disallowed in their entirety and expunged. If the Debtors' objection to the Duplicate and Amended Claims is sustained, the claims listed under the column heading "Remaining Claim Number" will remain on the claims register, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits. Therefore, any claimant holding a Duplicate or Amended Claim will suffer no prejudice by having the Amended Claim disallowed and expunged.

B. **Satisfied Claim**

11. The Debtors have reviewed their books and records, which the Debtors believe to be correct, and have determined that the claims listed in <u>Exhibit B</u> to the Proposed Order (the "**Satisfied Claims**") have been satisfied by the Debtors post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court. Failure to disallow and expunge the Satisfied Claims would result in the applicable claimants receiving an unwarranted

double recovery. Therefore, the Debtors hereby object to the Satisfied Claims and request entry of an order disallowing in full and expunging each of the Satisfied Claims.

C.  **Modified Amount Claims**

12. The Debtors have reconciled the claims identified in Exhibit C to the Proposed Order (the "**Modified Claims**") against their books and records. The claimants asserting the Modified Claims asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amount of the Modified Claims identified, or otherwise substantiated by the claimants' supporting documentation, in Exhibit C should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Claim Amount" in Exhibit C. The Debtors believe Exhibit C contains the appropriate amounts of liability for the Modified Claims. Failure to modify the Modified Claims as set forth herein will result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Claims and request entry of an order allowing the reduced value of the Modified Claims as set forth in Exhibit C.

D.  **Reclassified Claims**

13. The claimants asserting the claims identified in Exhibit D to the Proposed Order (the "**Reclassified Claims**") asserted that all or a portion of their claims are secured or entitled to priority status. After reconciling the Reclassified Claims against their books and records, the Debtors have determined that the priority level of the Reclassified Claims should be adjusted. For many of the Reclassified Claims, no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Consequently, the Debtors believe that the Reclassified Claims should be reclassified as indicated in the "Modified Claim Amount" column in Exhibit D. Failure to reclassify the Reclassified Claims would award the claimants undue

priority. Accordingly, the Debtors request entry of an order reclassifying the Reclassified Claims as indicated in Exhibit D.

## APPLICABLE AUTHORITY

14. Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S. C. § 502(b)(1).

15. The Disputed Claims noted above are unenforceable against the Debtors because they are amended or duplicate claims, have been satisfied, modified, or misclassified as priority or secured claims. Therefore, pursuant to § 502(b)(1) and 502(b)(9) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Court should disallow and expunge each Disputed Claim.

## RESPONSES TO THE OBJECTION

16. <u>Filing and Service of Responses</u>: To contest the Objection, a claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Bankruptcy Court no later than 4 p.m. (ET) on January 12, 2010. Claimants should locate their names and claims in this Objection, and read the Proposed Order and the exhibits attached to this Objection carefully. A Response must address each ground upon which the Debtors object to a particular claim. A hearing to consider the Debtors' Objection shall be held on January 19, 2010 at 10:30 a.m. (ET), before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, at the United States Bankruptcy Court

for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "Hearing").

17. Every Response shall be filed and served upon the following entities at the following addresses: (a) Office of the Clerk of the United States Bankruptcy Court and (b) Young Conaway Stargatt & Taylor, LLP, Attn: Jaime N. Luton, Esq., The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899.

18. Content of Responses: Every Response to the Objection must contain, at a minimum, the following:

(a) a caption setting forth the name of the Bankruptcy Court, the above-referenced case number and the title of the Objection to which the Response is directed; the name of the claimant and description of the basis for the amount of the claim;

(b) a concise statement setting forth the reasons why a particular claim should not be reclassified, reduced, or disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing;

(c) all documentation or other evidence of the claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;

(d) the name, address, telephone number, and fax number of the person(s) (which may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant; and

(e) the name, address, telephone number, and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom the Debtors should serve any reply to the Response.

19. Service Address: If a Response contains an address for the claimant different from that stated on the claim, the address in the Response shall constitute the service

address for future service of papers upon the claimant with respect to the Objection unless or until counsel for the Debtors receive written notice from the claimant or the claimant's counsel of a changed service address.

20. <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on January 19, 2010 at 10:30 a.m. (ET), or such other date and time as parties filing responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing. The Debtors reserve the right to adjourn the hearing with respect to a specific objection set forth herein and any Response thereto.

21. If a claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order disallowing and expunging the Disputed Claim <u>without further notice to the claimant</u>.

22. The Debtors may, at their option, file and serve a reply to a claimant's Response no later than three days prior to any hearing on the Objection. This Objection shall constitute a request to the Court for leave to file such reply.

## RESERVATION OF RIGHTS

23. The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to any proofs of claim filed in these chapter 11 cases including, without limitation, objections as to the liability, amount or priority of any claims listed in Exhibits A and D hereto. Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claims listed in Exhibits A and D on any other ground.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

24. The undersigned representative of Young, Conaway, Stargatt & Taylor, LLP certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, Young, Conaway, Stargatt & Taylor, LLP believes such deviations are not material and respectfully requests that any such requirement be waived.

## NO PRIOR REQUEST

25. No prior request for the relief sought herein has been made by the Debtors to this or any other Court.

## NOTICE

26. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b); and (iv) each of the claimants identified in Exhibits A and D to the Proposed Order.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order sustaining this Objection in all respects and granting such other and further relief as is just and proper.

Dated: December 18, 2009
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Sean M. Beach

Pauline K. Morgan (Bar No. 3650)
Sean M. Beach (Bar No. 4070)
Jaime N. Luton (Bar No. 4936)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

— and —

**KIRKLAND & ELLIS LLP**
James H.M. Sprayregen, P.C.
James A. Stempel
David A. Agay
Sarah H. Seewer
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Attorneys for the Debtors and Debtors in Possession