# UNITED STATES BANKRUPTCY COURT
District of Delaware

In re: **Chicago Newspaper Liquidation Corp. f/k/a Sun Times Media Group,, ET AL.,**
   Case No. **09-11092**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **SONAR CREDIT PARTNERS, LLC** | **Newsboy Delivery Systems Inc** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**SONAR CREDIT PARTNERS, LLC**
**200 BUSINESS PARK DRIVE, SUITE 201**
**ARMONK, NY 10504**

Phone: **(914) 730-1005**
Last Four Digits of Acct #: N/A

Name and Address where transferee payments should be sent (if different from above):

Phone: N/A
Last Four Digits of Acct #: N/A

Court Claim # (if known): **1930**
Amount of Claim: **$43,268.84**
Date Claim Filed: **12/18/2009**

Phone: N/A
Last Four Digits of Acct. #: N/A

Name and Current Address of Transferor:

Newsboy Delivery Systems Inc
8102 Lemont Rd Suite 500
Woodridge, IL 60517

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief:

By: /s/Michael Goldberg                     Date: 6/16/2011
   Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# EXHIBIT A

## EVIDENCE OF TRANSFER OF ADMINISTRATIVE EXPENSE CLAIM

TO: United States Bankruptcy Court ("Bankruptcy Court")
District of Delaware
Attn: Clerk

AND TO: Sun-Times Media Group, Inc. ("Debtor"), Case No. 09-11092
(Jointly Administered under Chicago Newspaper Liquidation Corp. f/k/a Sun Times Media Group, Case No. 09-11092)

Claim #: 1930

**NEWSBOY DELIVERY SYSTEMS INC**, its successors and assigns ("Assignor"), for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

**SONAR CREDIT PARTNERS, LLC**
200 Business Park Drive
Suite 201
Armonk, NY 10504
Attn: Michael Goldberg
Phone: (914) 730-1005

its successors and assigns ("Assignee"), all rights, title and interest in and to the claim of Assignor, including all rights of stoppage in transit, replevin and reclamation, in the principal amount of **$43,268.84** ("Administrative Expense Claim") against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges, understands and agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Assignee.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated June 13, 2011.

**ASSIGNOR**
Signature: Ronald W. Zink
Name: RONALD W. ZINK
Title: President
Date: 6/13/11

**ASSIGNEE**
Signature: Michael Goldberg
Name: Michael Goldberg
Title: Managing Member
Date: 6/16/11

# Creditor Data for Claim Number 1930

Help

| Creditor: Newsboy Delivery Systems Inc  8102 Lemont Rd Ste 500  Woodridge, IL 60517 | Date Claim Filed: 12/18/2009  Claim #: 1930 |
|---|---|

**Notice Party(ies):**

Debtor Name: Sun-Times Media Group, Inc.
Debtor Case Number: 09-11092

| | Schedule Amount | C* | U* | D* | Filed Claim Amount | Present Claim Amount |
|---|---|---|---|---|---|---|
| GU | | | | | | |
| PRI | | | | | | |
| SEC | | | | | | |
| AP | | | | | $43,268.84 | $43,268.84 |
| AS | | | | | | |
| TOTALS | | | | | $43,268.84 | $43,268.84 |

*C=Contingent, U=Unliquidated, D=Disputed

**Transfer History**

| Date Filed | Date Effective | Transfer Type | Transferor | Transferee | Status |
|---|---|---|---|---|---|
| No records found | | | | | |

**Objection History**

| Date Created | Name | Basis | Status |
|---|---|---|---|
| No records found | | | |

**Claim Withdrawal History**

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

**Stipulation History**

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".